## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

RICHARD COMSTOCK,
JOSEPH WHITE,
LEGISLATOR KEVIN MCCAFFREY,
SENATOR GEORGE BORRELLO
SENATOR THOMAS O'MARA
SENATOR MARIO MATTERA
SENATOR BILL WEBER
ASSEMBLYWOMAN JODI GIGLIO,
ASSEMBLYMAN ANDREW GOODELL,
ASSEMBLYMAN STEVE HAWLEY,
ASSEMBLYMAN BRIAN MANKTELOW,
ASSEMBLYMAN MATT SLATER, and
ASSEMBLYMAN ROBERT SMULLEN,
in their individual and official capacities,

                                  Plaintiffs.

        v.

NEW YORK STATE,
LETITIA JAMES, in her official capacity
as New York State Attorney General,
NEW YORK STATE SENATE,
ANDREA STEWART-COUSINS, in her official
capacity as New York State Senate Majority Leader,
ROBERT ORTT, in his official capacity as
New York State Senate Minority Leader,
NEW YORK STATE ASSEMBLY,
CARL HEASTIE, in his official capacity
as Speaker of the New York State Assembly,
CRYSTAL PEOPLES-STOKES, in her official
capacity as New York State Assembly Majority Leader,
and WILLIAM BARCLAY, in his official capacity
as New York State Assembly Minority Leader,

                                 Defendants.

_____

**Case No.** 3:23-cv-907(BKS/ML)

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiffs Richard Comstock, Joseph White, Legislator Kevin McCaffrey, Senator George Borrello, Senator Thomas O'Mara, Senator Mario Mattera, Senator Bill Weber, Assemblywoman Jodi Giglio, Assemblyman Andrew Goodell, Assemblyman Steve Hawley, Assemblyman Brian Manktelow, Assemblyman Matt Slater, and Assemblyman Robert Smullen (hereinafter "Plaintiffs"), by and through their attorneys, Lippes Mathias LLP, as and for their Complaint herein, come forth and allege as follows:

## INTRODUCTION

1.     New York Legislative Law § 5-b(1) imposes a limit on outside earned income for New York State Legislators and provides that "[c]ompliance with the limit on outside earned income … shall be a condition precedent to **receiving a salary** for legislative activities from the state of New York, and **voting as a member** of the legislature of the state of New York."  (emphasis added).  New York Legislative Law § 5-b(3) further provides for confiscation of all such excess income, plus a civil penalty of up to $40,000.

2.     Indeed, New York Legislative Law § 5-b infringes upon Plaintiffs' rights guaranteed by the Equal Protection and Due Process provisions of the United States Constitution, violates Article I, § 1, Article I, § 6, Article I, § 11, Article III, §  6,  Article III, § 7 and Article XIX, § 1 of the Constitution of the State of New York, and effectively disenfranchises voters.  This instant Declaratory Judgment proceeding under 28 U.S.C. § 2201 seeks to annul the provisions of Legislative Law § 5-b that restrict a Legislator's ability to earn outside income.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction to grant Plaintiffs' request for declaratory relief pursuant to the United States Constitution, Art. III, §2 and Art. VI, clause 2, as well as 28 U.S.C. § 1331, because they arise under the Equal Protection and Due Process provisions of the United States

Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions that gave rise to Plaintiffs' claims occurred in this judicial district.  Moreover, some Plaintiffs and Defendants reside in this judicial district and the requirements of New York Legislative Law § 5-b(1) will be felt in this judicial district.

## PARTIES

5.      Plaintiff Richard Comstock is a New York State taxpayer and voter who resides in Chemung County.  Plaintiff Comstock is a constituent residing in Plaintiff Senator Thomas O'Mara's district.  Plaintiff Comstock has distinct, legally cognizable claims because due to the outside income restrictions, he will be disenfranchised.

6.      Plaintiff Joseph White is a New York State taxpayer and voter who resides in Chautauqua County.  Plaintiff White is a constituent residing in Plaintiff Senator George Borello's district. Plaintiff White has distinct, legally cognizable claims because due to the outside income restrictions, he will be disenfranchised.

7.      Plaintiff Kevin McCaffrey is a member of the Suffolk County Legislature and aspires to be a member of the New York State Assembly.  Plaintiff McCaffrey is President of Teamsters Local Union 707 where he earns yearly income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff McCaffrey would run for a New York State Assembly seat but for  provisions of Legislative Law § 5-b(1) that restrict a Legislator's ability to earn outside income.

8.     Plaintiff George Borrello is a member of the New York State Senate, representing Senate District 57.  Plaintiff Borrello and his wife own and operate Cabana Sam's Sunset Bay Grill, The Sunset Bay Beach Club and Villaggio Italiano Pizza & Pasta, where he earns yearly income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff Borrello was first elected to the New York State Senate in 2019, and was most recently elected in November 2022.

9.     Plaintiff Thomas O'Mara is a member of the New York State Senate, representing Senate District 58, which includes Tioga County.  Plaintiff O'Mara is a non-equity, contract partner of the law firm Barclay Damon LLP where he maintains a general practice of law representing individuals and businesses in matters involving commercial transactions, corporate, finance, real estate, and personal injury law, and earns yearly income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law." Plaintiff O'Mara was first elected to the New York State Senate in 2010, and was most recently elected to the Senate in November 2022.

10.    Plaintiff Mario Mattera is a member of the New York State Senate, representing Senate District 2.  Plaintiff Mattera is a union official and earns yearly outside income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law." Plaintiff Mattera was first elected to the New York State Senate in 2020, and was most recently elected to the Senate in November 2022.

11.    Plaintiff Bill Weber is a member of the New York State Senate, representing Senate District 38.  Plaintiff Weber is a Certified Public Accountant in the State of New York and is employed as a Certified Financial Officer for a privately owned business where he earns yearly income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff Weber was first elected to the New York State Senate in November 2022.

12.    Plaintiff Jodi Giglio is a member of the New York State Assembly, representing Assembly District 2.  Plaintiff Giglio assists clients with zoning and land use matters and earns yearly outside income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff Giglio was first elected to the New York State Assembly in 2020, and was most recently elected to the Assembly in November 2022.

13.    Plaintiff Andrew W. Goodell is a member of the New York State Assembly, representing Assembly District 150. Plaintiff Goodell is a self-employed attorney and owner of the law firm Goodell & Rankin where he earns yearly income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff Goodell was first elected to the New York State Assembly in 2010, and was most recently elected to the Assembly in November 2022.

14.    Plaintiff Steve Hawley is a member of the New York State Assembly, representing Assembly District 139.  Plaintiff Hawley receives a salary and commissions from Great Lakes Insurance Services Group, LLC, and also receives commissions from real estate sales, and earns

yearly outside income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff Hawley was first elected to the New York State Assembly in 2006, and was most recently elected to the Assembly in November 2022.

15.    Plaintiff Brian Manktelow is a member of the New York State Assembly, representing Assembly District 130.  After selling his property interest in Manktelow Farms, Plaintiff Manktelow holds private mortgages on neighboring farmland and by way of principal and interest, earns yearly outside income that fluctuates based upon market conditions, but, upon information and belief, could be "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Plaintiff Manktelow was first elected to the New York State Assembly in 2018, and was most recently elected to the Assembly in November 2022.

16.    Plaintiff Matt Slater is a member of the New York State Assembly, representing Assembly District 94. Plaintiff Slater was first elected to the New York State Assembly in November 2022, approximately one month before the Legislature passed Senate Bill S. 9617, and thus, was unable to vote as to whether his ability to earn outside income should be limited.

17.    Plaintiff Robert Smullen is a member of the New York State Assembly, representing Assembly District 118, which includes Fulton, Hamilton, Herkimer, Montgomery, and Oneida Counties.  Plaintiff Smullen is the self-employed owner and operator of rental properties and earns yearly outside income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve

of the retirement and social security law."   Plaintiff Smullen was first elected to the New York

State Assembly in 2018, and was most recently elected to the Assembly in November 2022.

18.    The Plaintiffs who are currently in elected office have distinct, legally cognizable

claims because due to the outside income restrictions, Plaintiff will be forced to choose between

resigning from the New York State Legislature (or never running for office at all) and

terminating outside employment that yields income "greater than the earning limitations for

retired persons in positions of public service allowed for the same year under subdivision two of

section two hundred twelve of the retirement and social security law."  These Plaintiffs intend to

run for office in 2024, and therefore must circulate petitions for the November 2024 election in

February or March 2024.  Indeed, the controversy articulated herein is substantial, immediate,

and real.

19.    Defendant New York State has an interest and right to be heard on matters concerning

the constitutionality of its statutes.

20.    Defendant New York State Attorney General Letitia James is charged with defending

state statutes whenever the constitutionality of a statute is brought into question.

21.    Defendant New York State Senate is the upper house of the New York State

Legislature that enacted Senate Bill S. 9617.

22.    Defendant Senate Majority Leader Andrea Stewart-Cousins represents New York State

Senate District 35 and has served as the Senate Majority Leader since 2019.

23.    Defendant Senate Minority Leader Robert Ortt represents New York State Senate

District 62 and has served as the Senate Minority Leader since 2020.

24.    Defendant New York State Assembly is the lower house of the New York State

Legislature that enacted Senate Bill S. 9617.

7

25.    Defendant Assembly Speaker Carl Heastie represents New York State Assembly District 83 and has served as the Speaker of the New York State Assembly since 2015.

26.    Defendant Assembly Majority Leader Crystal Peoples-Stokes represents New York State Assembly District 141 and has served as Assembly Majority Leader since 2018.

27.    Defendant Assembly Minority Leader Will Barclay represents New York State Assembly District 120 and has served as the Assembly Minority Leader since 2020.

### FACTUAL BASIS

28.    On December 22, 2022, the New York Legislature passed Senate Bill S. 9617,[1] which increased New York legislators' annual salary from $110,000 to $142,000 effective January 1, 2023,[2] and limited the "wages, salaries, fees and other forms of compensation for services actually rendered"[3] that New York legislators can earn in addition to their legislative income ("outside income") effective January 1, 2025.  Governor Kathy Hochul signed Senate Bill S. 9617 on December 31, 2022, thereby amending Legislative Law § 5 [Compensation of members] and adding Legislative Law § 5-b [Limit on outside earned income by members].

29.    Legislative Law § 5-b(1) specifically prohibits New York legislators from earning outside income "greater than the earning limitations for retired persons in positions of public service allowed for the same year under subdivision two of section two hundred twelve of the retirement and social security law."  Retirement and Social Security Law § 212(2) provides that the earning limitation for retired persons in positions of public service for "2020 and thereafter"

---

[1] 2022 New York Senate Bill No. 9617, New York Two Hundred Forty-Fourth Legislative Session.

[2] Before January 1, 2019, Section 5 of the Legislative Law provided legislators with a base salary of $79,500 for their part-time work in a legislative session that contains 60 to 65 session days from January to June each year. Between January 1, 2019, and December 31, 2022, legislators received an annual base salary of $110,000.

[3] Legislative Law § 5-b(2)(a).

is $35,000.  Accordingly, Legislative Law § 5-b will prohibit New York legislators from earning

outside income greater than $35,000 beginning January 1, 2025, until or unless the Legislature

amends Retirement and Social Security Law § 212.

30.     Legislative Law § 5-b(2)(b) specifically *excludes* from the definition of outside

income – and therefore, the $35,000 outside income cap – the following:

> (1)    salary, benefits and allowances paid by the state;
>
> (2)    income and allowances attributable to service in the reserves of the armed
>        forces of the United States, national guard or other active military service;
>
> (3)    copyright royalties, fees, and their functional equivalent, from the use of
>        copyrights, patents and similar forms of intellectual property rights, when
>        received from established users or purchasers of such rights;
>
> (4)    income from retirement plans of the state of New York or the city of New
>        York, private pension plans or deferred compensation plans (e.g., 401,
>        403(b), 457, etc.) established in accordance with the internal revenue code;
>
> (5)    income from investments and capital gains, where the member's services
>        are not a material factor in the production of income;
>
> (6)    income from a trade or business in which a member of their family holds a
>        controlling interest, where the member's services are not a material factor
>        in the production of income; and
>
> (7)    compensation from services actually rendered prior to January first, two
>        thousand twenty-five, or prior to being sworn in as a member of the
>        legislature.

31.     The definitions of "outside earned income" within Legislative Law § 5-b(2)(a) and

"material factor" within Legislative Law § 5-b(2)(b)(6) are unconstitutionally vague.  In

particular, it is unclear whether rental income falls within the meaning of "fees and other forms

of compensation for services actually rendered" or what the Legislature means by "a material

factor in the production of income." Consequently, certain Plaintiffs are not on notice of whether

their current outside income will violate Legislative Law § 5-b or whether they will be complying with same.

32.    Critically, Legislative Law § 5-b(1) mandates that "[c]ompliance with the limit on outside earned income described in this section shall be a condition precedent to *receiving a salary* for legislative activities from the state of New York, *and voting as a member of the legislature of the state of New York*." (emphasis added).

33.    Article III, § 7 of the Constitution of the State of New York, however, already provides for the qualifications of legislative members.  Specifically, Article III, § 7 states that a New York legislator must be a citizen of the United States, a resident of New York State for five years, and a resident of the respective senate or assembly district for twelve months immediately preceding the election.

34.    Notably absent from Article III § 7 is a requirement that a New York legislator earn no more than $35,000 in outside income per year.  The New York Constitution does not require a legislator to serve full-time legislative positions, nor does it prohibit outside income.  Rather, legislators have historically served part-time, and are typically only required to be in Albany between sixty (60) and sixty- five (65) days of the year.  Indeed, the only limitation imposed by Article III, § 7 – other than the aforementioned citizenship and residency requirements – is the requirement that a legislator vacate his or her seat if elected to United States Congress or appointed to any office of the United States government or city government, with the exception of the armed forces.

35.    Legislative Law § 5-b(1) unconstitutionally violates Article III, § 7 of the Constitution of the State of New York by purporting to add an additional qualification for serving as a member of the New York State Legislature, to wit, the person must be unemployed or otherwise

10

financially unsuccessful in any outside employment.  Article XIX, § 1 of the Constitution of the

State of New York requires that such an amendment must be considered by the people of New

York via referendum, not rammed through the Legislature by the majority party and ratified by

an executive of the same political affiliation – as was done here.

36.    Moreover, Legislative Law § 5-b(3) provides that "[a] member of the legislature who

knowingly and intentionally violates the provisions of this section shall be subject to a civil

penalty in an amount not to exceed forty thousand dollars and the value of any gift,

compensation or benefit received in connection with such violation."

37.    On December 22, 2022, in support of Senate Bill S. 9617, Assemblywoman Helene

Weinstein (D) repeatedly stated that the ban on outside income is intended to avoid "conflicts of

interest" and "ethical considerations."  But mechanisms are already in place to prevent conflicts

of interest and ethical violations in the Legislature.  Indeed, legislators are presently permitted to

earn outside income subject to several statutory restrictions and administrative oversight

designed to prevent conflicts of interest.

38.    Specifically, the Legislature addressed potential conflict issues when it enacted the

Public Officers Law, which imposes strict limitations on allowable outside employment and

prohibits a legislator from receiving or entering into any agreement, expressed or implied, for

compensation to be rendered in relation to any case, proceeding, application or other matter

before any state agency. N.Y. Pub. Off. Law § 73.

39.    Moreover, State legislators who presently earn more than $5,000.00 in outside income

are required to obtain a formal advisory opinion from the Legislative Ethics Commission

confirming that the outside income earned by a legislator does not present a conflict of interest.

N.Y. Pub. Off. Law § 73(6)(a)(1).

40.   Further, all State legislators must file a detailed annual financial disclosure statement, which includes personal financial information, as well as information about spouses, dependent children, all outside income and membership in business and community organizations. N.Y. Pub. Off. Law § 73(6)(a).

41.   The voters chose Plaintiffs who are currently serving in the New York State Legislature as their representatives in the most recent election when legislators were part-time legislators, permitted to earn outside income.

42.   Article III, § 6 of the New York Constitution commands that "[e]ach member of the legislature shall receive for his or her services a like annual salary, to be fixed by law."

43.   Plaintiffs have a vested and protected property right in their legislative salaries, businesses, outside income, professional licenses, and partnership interests.

44.   Beginning January 1, 2025, Legislative Law § 5-b(1) compels legislators with outside income above the statutory threshold to choose between abandoning their obligations to the voters who elected them to office and terminating outside employment that yields outside income.

45.   In addition, the current statutory scheme gives the Governor a decided advantage with respect to budget negotiations by withholding the legislators' salaries should the budget not be passed by April 1.  Pursuant to Legislative Law § 5, "if legislative passage of the budget … has not occurred prior to the first day of any fiscal year, the net amount of any such bi-weekly salary installment payments to be paid on or after such day shall be withheld and not paid until such legislative passage of the budget has occurred …" There is no such provision in New York State

Executive law affecting the Governor.[4]  Accordingly, during late budget negotiations, the

Executive branch of the New York State Government negotiates in a position of power over the

Legislators who are working without pay, and therefore compelled to acquiesce to the

Governor's demands in order to get paid.  If Legislators could rely on their outside income, the

system of co-equal branches of government, and the inherent checks and balances therein, could

be more sufficiently maintained.

### CAUSE OF ACTION 1

**Declaratory Judgment pursuant to 28 U.S.C. § 2201**
**that Legislative Law § 5-b(1) violates the Equal Protection clause**
**of the U.S. Constitution and New York State Constitution**

46.  Plaintiffs repeat and re-allege the preceding paragraphs.

47.  The provision of Legislative Law § 5-b(1) that prohibits legislators from outside income

greater than $35,000 is not supported by any rational basis, but rather treats legislators who earn

outside income in an adverse disparate fashion.

48.   Legislative Law § 5-b(2)(b) – without any rational basis – excludes from the definition

of outside income certain sources of outside income that effectively treat legislators who are

otherwise similarly situated in an adverse disparate fashion.  For example, Legislative Law § 5-

b(1) and § 5-b(2)(b) treat a member of a family business, such as a farmer, who earns outside

income differently from legislators who earn benefits and allowances paid by the state, or

copyright royalties, or income from investments or capital gains, without any rational basis for

such adverse disparate treatment.

---

[4] See e.g. https://www.cityandstateny.com/politics/2023/04/ny-bill-calls-governors-salary-be-withheld-during-budget-delay/385326/

13

49.     Further, depriving a legislator of any salary or the right to vote merely because they are a "successful" (as measured solely by income) business person deprives them of equal protection.  For instance, an unsuccessful (as measured solely by income) business person who spends an equal or greater amount of time on their failing business has the right to be a voting member of the State Legislature and the right to be paid in full, whereas an identical business person who is successful is prohibited from voting.

50.     This equal protection provision is also violated by the statutory penalty resulting in the forfeiture of all excess income, which could range from just a few dollars to hundreds of thousands of dollars for the same offense.

51.     New York Legislative Law § 5-b unlawfully affects the fundamental rights of the Plaintiffs and their constituents, has an illegitimate purpose, is not supported by a compelling or important state interest, and has no rational basis in relation to any legitimate purpose. It therefore violates the Equal Protection provisions of the Federal and State Constitutions.

52.     Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a Declaratory Judgment that Legislative Law § 5-b unconstitutionally violates Plaintiffs' right to Equal Protection under the Federal and State Constitutions by discriminating against them on the basis of their outside income.

## CAUSE OF ACTION 2

**Declaratory Judgment pursuant to 28 U.S.C. § 2201**
**that Legislative Law § 5-b(1) violates Article III, § 7 of the New York State Constitution**

53.     Plaintiffs repeat and re-allege the preceding paragraphs.

54.     Article III, § 7 of the New York State Constitution enumerates the Qualifications of Legislative Members, namely, that a New York legislator must be a citizen of the United States, a resident of New York State for five years, and a resident of the respective senate or assembly

district for twelve months immediately preceding the election.  Notably absent from Article III §

7 is a requirement that a legislator earn no more than $35,000 in outside income per year.

55.    Legislative Law § 5-b unconstitutionally attempts to amend Article III, § 7 of the New

York State Constitution in violation of Article XIX, § 1, which  specifically requires such an

amendment to be considered by the people of New York via referendum.

56.    Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a Declaratory Judgment from this Court

that Legislative Law § 5-b unconstitutionally violates Article III, § 7 of the New York State

Constitution.

## CAUSE OF ACTION 3

**Declaratory Judgment pursuant to 28 U.S.C. § 2201**
**that Legislative Law § 5-b(1) violates the Due Process clause of the U.S. Constitution**
**and New York State Constitution**

57.    Plaintiffs repeat and re-allege the preceding paragraphs.

58.    The Fourteenth Amendment of the Constitution of the United States provides that no

state "shall deprive any person of life, liberty, or property, without due process of law." U.S.

Const. Amend. XIV.  Similarly, Article I, §6 of the New York State Constitution states, "No

person shall be deprived of life, liberty or property without due process of law."

59.    The provisions of Legislative Law § 5-b(1) deprives Plaintiffs of their property

interests, namely their legislative salaries and outside income, by imposing restrictions on their

businesses and outside income.

60.    Moreover, compliance with Legislative Law § 5-b(1) is a condition precedent to

receiving a salary for legislative activities.

61.    Further, Legislative Law § 5-b(3) unlawfully penalizes legislators who violate

Legislative Law § 5-b(1) with "a civil penalty in an amount not to exceed forty thousand dollars

and the value of any gift, compensation or benefit received in connection with such violation."

62.    These due process violations are exacerbated by the unconstitutionally vague definitions of "outside earned income" within Legislative Law § 5-b(2)(a) and "material factor" within Legislative Law § 5-b(2)(b)(6).  In particular, it is unclear whether rental income falls within the meaning of "fees and other forms of compensation for services actually rendered" or what the Legislature means by "a material factor in the production of income."

63.    Consequently, certain Plaintiffs are not on notice of whether their current outside income will violate Legislative Law § 5-b or whether they will be  complying with same, yet Legislative Law § 5-b still renders Plaintiffs vulnerable to serious penalties.

64.    Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a Declaratory Judgment from this Court that Legislative Law § 5-b unconstitutionally deprives Plaintiffs' property interests without due process of law and without the availability of any post-deprivation remedy, and is also unconstitutionally vague, in violation of the due process provisions of the Federal and State Constitutions.

## CAUSE OF ACTION 4

### Declaratory Judgment pursuant to 28 U.S.C. § 2201
### that Legislative Law § 5-b(1) Disenfranchises Voters

65.    Plaintiffs repeat and re-allege the preceding paragraphs.

66.    Compliance with Legislative Law § 5-b(1) is a condition precedent to being a *voting* member of the Legislature.

67.    Notably, Legislative Law § 5-b(1) does *not* call for a legislator to be removed from office, thereby creating a vacancy to be filled by special election; rather it strips a legislator's ability to vote.  Therefore, if Plaintiffs are prohibited from voting because of their outside income, their constituents are effectively disenfranchised and rendered voiceless.

68.    Moreover, because of Legislative Law § 5-b(1), many legislators will be forced to leave office in order to fulfill their outside employment obligations and outside duties.

69.    Voters chose Plaintiffs as their representatives in the most recent election when legislators were part-time legislators, permitted to earn outside income.

70.    Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a Declaratory Judgment from this Court that Legislative Law § 5-b(1) disenfranchises voters in violation of Article I, § 1.

## CAUSE OF ACTION 5

**Declaratory Judgment pursuant to 28 U.S.C. § 2201**
**that Legislative Law § 5-b(1) violates Article III, § 6 of the New York State Constitution**

71.    Plaintiffs repeat and re-allege the preceding paragraphs.

72.    Article III, § 6 of the New York Constitution commands that "[e]ach member of the legislature shall receive for his or her services a like annual salary, to be fixed by law."

73. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a Declaratory Judgment from this Court that Legislative Law § 5-b(1) unconstitutionally deprives members of the Legislature who do not comply with the limit on outside income of their salaries, in  violation of Article III, § 6 of the New York State Constitution.

**WHEREFORE**, Plaintiffs respectfully request that the Court issue a Judgement and Order:

A.  declaring Legislative Law § 5-b(1) unconstitutional, invalid, and unenforceable; and

B.  awarding such other and further relief as this Court may deem just and proper.

Dated:  Buffalo, New York
July 26, 2023

                                       **Lippes Mathias LLP**

                                       __/s/ Dennis Vacco_____
                                       Dennis C. Vacco, Esq. (Roll No.: 105051)
                                       Scott S. Allen, Jr., Esq. (Roll No.: 700751)
                                       *Attorneys for Plaintiffs*
                                       50 Fountain Plaza, Suite 1700
                                       Buffalo, New York 14202
                                       (716) 853-5100
                                       dvacco@lippes.com
                                       sallen@lippes.com

18